1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES JOHNSON,

11             Plaintiff,                    No. CIV S-06-1676 GEB KJM P

12        vs.

13   S.M. ROCHE, et al.,

14             Defendants.             SCHEDULING ORDER

15   _____/

16        As provided by Federal Rule of Civil Procedure 16(b), the court will, by this

17   order, set a schedule for this litigation.

18        In due course, the parties will be required to file pretrial statements in accordance

19   with the schedule set forth below.  In addition to the matters already required to be addressed in

20   the pretrial statement in accordance with Local Rule 16-281, plaintiff will be required to make a

21   particularized showing in his pretrial statement in order to obtain the attendance of witnesses.

22   Plaintiff is advised that failure to comply with the procedures set forth below may result in the

23   preclusion of any and all witnesses named in his pretrial statement.

24        At the trial of this case, the plaintiff must be prepared to introduce evidence to

25   prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are

26   two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's

1

1  responsibility to produce all of the evidence to prove his case, whether that evidence is in the

2  form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must

3  follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

4            I.        Procedures for Obtaining Attendance of Incarcerated Witnesses Who

5                      Agree to Testify Voluntarily

6            An incarcerated witness who agrees voluntarily to attend trial to give testimony

7  cannot come to court unless this court orders the warden or other custodian to permit the witness

8  to be transported to court.  This court will not issue such an order unless it is satisfied that:

9                      1. The prospective witness is willing to attend; and

10                     2. The prospective witness has actual knowledge of relevant facts.

11           With the pretrial statement, a party intending to introduce the testimony of

12  incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a

13  written motion for a court order requiring that such witnesses be brought to court at the time of

14  trial.  The motion must:

15                     1. State the name, CDC Identification number, and address of each such

16                        witness; and

17                     2. Be accompanied by affidavits showing that each witness is willing to

18                        testify and that each witness has actual knowledge of relevant facts.

19           The willingness of the prospective witness can be shown in one of two ways:

20                     1. The party intending to introduce the testimony can swear by affidavit

21                        that the prospective witness has informed the party that he or she is

22                        willing to testify voluntarily without being subpoenaed.  The party must

23                        state in the affidavit when and where the prospective witness informed the

24                        party of this willingness; or

25  /////

26  /////

1        2. The party can serve and file an affidavit sworn to by the prospective

2           witness, in which the witness states that he or she is willing to testify

3           without being subpoenaed.

4        The prospective witness' actual knowledge of relevant facts can be shown in one

5   of two ways:

6           1. The party intending to introduce the testimony can swear by affidavit

7              that the prospective witness has actual knowledge.  However, this can be

8              done only if the party has actual firsthand knowledge that the prospective

9              witness was an eyewitness or an ear-witness to the relevant facts.  For

10             example, if an incident occurred in the plaintiff's cell and, at the time, the

11             plaintiff saw that a cellmate was present and observed the incident, the

12             plaintiff may swear to the cellmate's ability to testify.

13          Or

14          2. The party can serve and file an affidavit sworn to by the prospective

15             witness in which the witness describes the relevant facts to which the

16             prospective witness was an eye- or ear-witness.  Whether the affidavit is

17             made by the plaintiff or by the prospective witness, it must be specific

18             about what the incident was, when and where it occurred, who was

19             present, and how the prospective witness happened to be in a position to

20             see or to hear what occurred at the time it occurred.

21       The court will review and rule on the motion for attendance of incarcerated

22  witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the

23  court will issue the order necessary to cause the witness' custodian to bring the witness to court.

24  /////

25  /////

26  /////

1   II.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who
2         Refuse to Testify Voluntarily

3         If a party seeks to obtain the attendance of incarcerated witnesses who refuse to
4   testify voluntarily, the party should submit with his or her pretrial statement a motion for the
5   attendance of such witnesses.  Such motion should be in the form described above.  In addition,
6   the party must indicate in the motion that the incarcerated witnesses are not willing to testify
7   voluntarily.

8   III.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who
9          Agree to Testify Voluntarily

10        It is the responsibility of the party who has secured an unincarcerated witness'
11  voluntary attendance to notify the witness of the time and date of trial.  No action need be sought
12  or obtained from the court.

13  IV.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who
14        Refuse to Testify Voluntarily

15        If a prospective witness is not incarcerated, and he or she refuses to testify
16  voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must
17  prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the
18  witness.  (Blank subpoena forms may be obtained from the Clerk of the Court.)  Also, the party
19  seeking the witness' presence must tender an appropriate sum of money to the witness through
20  the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of
21  money is the daily witness fee of $40.00 plus the witness' travel expenses.

22        A subpoena will not be served by the United States Marshal upon an
23  unincarcerated witness unless the subpoena is accompanied by a money order made payable to
24  the witness for the full amount of the witness' travel expenses plus the daily witness fee of
25  $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no
26  statute authorizes the use of public funds for these expenses in civil cases, the tendering of

4

1  witness fees and travel expenses is required even if the party was granted leave to proceed in

2  forma pauperis.

3  Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS

4  AS FOLLOWS:

5  1. The parties may conduct discovery until November 16, 2007.  Any motions

6  necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to

7  Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

8  2. All pretrial motions, except motions to compel discovery, shall be filed on or

9  before January 11, 2008.  Motions shall be briefed in accordance with paragraph 7 of this court's

10  order filed May 30, 2007.

11  3. Plaintiff shall file and serve his pretrial statement and any motions necessary

12  to obtain the attendance of witnesses at trial on or before April 11, 2008.  Defendants shall file

13  their pretrial statement on or before April 18, 2008.  The parties are advised that failure to file a

14  pretrial statement may result in the imposition of sanctions, including dismissal of this action.

15  4. Pretrial conference (as described in Local Rule 16-282) is set in this case for

16  April 25, 2008, before the magistrate judge.  The pretrial conference shall be conducted on the

17  file only, without appearance by either party.

18  5. This matter is set for jury trial before the Honorable Garland E. Burrell on July

19  1, 2008, at 9:00 a.m. in Courtroom 10.

20  DATED:  July 25, 2007.

21  _____
    U.S. MAGISTRATE JUDGE

22

23  /mp
    john1676.41kjm

24

25

26

5